J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONOHM LICENSING LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR
DECLARATORY JUDGMENT

Plaintiff Amazon.com, Inc. ("Amazon") files this complaint against Defendant Sonohm Licensing LLC ("Sonohm") and alleges:

## NATURE OF THE ACTION

1. This is an action to protect Amazon's customer Best Buy Co., Inc. ("Best Buy"), and potentially other customers, from meritless patent lawsuits. Sonohm filed a lawsuit, *Sonohm Licensing LLC v. Best Buy Co., Inc.*, Case No. 1:19-cv-01620-UNA (D. Del.), on August 29, 2019. (**Exhibit A**.) In it, Sonohm accuses Best Buy of patent infringement based on allegations that Best Buy "uses" patented methods by offering Amazon products for sale, including Amazon Fire HD 8, Amazon Fire Kids Edition 7, Amazon Fire HD 10, Amazon Fire HD 10 Kids Edition, and Amazon Fire 7 ("Amazon Accused Products").

2. Lawsuits like Sonohm's against Best Buy reflect a common strategy among patent assertion entities. A product's manufacturer knows its technology inside and out and is therefore well-positioned to defend a baseless infringement claim. Downstream retailers generally lack such knowledge. By ignoring the manufacturer and suing retailers, a patent assertion entity can secure in terrorem settlements from retailers who decide they are ill-equipped to defend an unfamiliar technology and do not want their business relationships disrupted.

3. Any dispute about whether Amazon's technology infringes Sonohm's purported patented methods must be litigated in this case alone. Federal Circuit law could not be clearer. Recognizing the problem caused by customer suits, it has held that the upstream manufacturer or supplier—here, Amazon—must be given the opportunity to defend its own technology. "[L]itigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer," and thus any customer cases—here, Sonohm's case against Best Buy—must be stayed or enjoined pending resolution of the manufacturer action. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). To that end, the Federal Circuit has expressly empowered district courts presiding over a manufacturers' declaratory judgment action to enjoin collateral and duplicative customer suits. *Katz*, 909 F.2d at 1463-64.

COMPLAINT FOR
DECLARATORY JUDGMENT            2

4. For this reason, and as alleged more particularly herein, Amazon brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that the Amazon Accused Products do not infringe Sonohm's patents, and to enjoin Sonohm, pursuant to the manufacturer-customer suit rule, from proceeding with its litigation against Amazon's customer.

## THE PARTIES

5. Amazon.com is a corporation organized and existing under the laws of the state of Delaware, with offices and employees throughout several of the United States, including the Northern District of California.

6. Defendant Sonohm has alleged that it is a Texas limited liability company with its principal place of business at 15922 Eldorado Pkwy, Suite 500-1641, Frisco, TX 75035.

## JURISDICTION AND VENUE

7. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Amazon seeks declaratory relief under the Declaratory Judgment Act. Sonohm has sued Amazon's customer Best Buy, alleging patent infringement based in part on its use of Amazon Accused Products. Sonohm's allegations reference Amazon Accused Products as among the allegedly infringing instrumentality, and therefore give rise to implied infringement claims against Amazon. Best Buy has requested indemnification in connection with the suit by Sonohm, and Amazon has agreed to indemnify Best Buy. Thus, a substantial controversy exists between Amazon and Sonohm that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.

8. The Court has personal jurisdiction over Sonohm because Sonohm has purposely directed its enforcement activities related to the patents-in-suit into the Northern District of California. For example, and without limitation, Sonohm has asserted rights against a third party based on U.S. Patent Nos. 6,651,207 ("'207 Patent") and 7,106,705 ("'705 Patent") in *Sonohm Licensing LLC v. Arbor Solution, Inc.*, Case No. 3:19-cv-06169 (N.D. Cal.). (*See* **Exhibit B**.) The '207 and '705 Patents are the same patents that Sonohm accuses the Amazon Accused Products of infringing

FENWICK & WEST LLP
ATTORNEYS AT LAW

in the case against Best Buy. (**Exhibit A**.) Sonohm therefore has established the requisite minimum contacts with this district, and exercise of jurisdiction here would comport with traditional notions of substantial justice and fair play. *See, e.g., Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F. 3d 1324, 1336 (Fed. Cir. 2008); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 430 (Fed. Cir. 1996); *Kyocera Commc'ns, Inc v. Potter Voice Techs. LLC*, No. 13-cv-0766-H(BGS), 2013 WL 2456032, at *3 (S.D. Cal. June 5, 2013).

9. Venue is proper in this court under 28 U.S.C. § 1391 because Sonohm is subject to personal jurisdiction in this district.

10. Amazon has numerous offices in this District. These offices employ a large number of employees. Among these employees are witnesses who may have knowledge relevant to the issues in this case. A significant portion of the design and development of the Amazon Accused Products occurred in this District.

**INTRADISTRICT ASSIGNMENT**

11. Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this is an intellectual property action.

**FACTUAL BACKGROUND**

12. The Fire Series tablets are designed and engineered by Amazon, and are high performance tablets designed for entertainment at an affordable price. Amazon first offered its Fire Series tablet computers in 2011. Since this launch, Fire Series tablets have been popular among U.S. consumers.

13. Best Buy is one of the retailers of the Fire Series tablets. Best Buy did not participate in the design or development of the Fire Series tablets. Best Buy's sole role in connection with the Fire Series tablets is distributing the tablets via its retail stores and its website.

14. On August 29, 2019, Sonohm filed a lawsuit against Amazon's customer Best Buy in the District of Delaware, alleging infringement of the '207 Patent, the '705 Patent, and U.S. Patent No. 8,843,641. (**Exhibit A**.)

15. Sonohm purports to be the assignee of all right, title and interest in the '207 Patent (**Exhibit C**) and the '705 Patent (**Exhibit D**).

16. The complaint alleges that Best Buy infringes the '207 Patent by using, *inter alia*, the Amazon Accused Products:

> Upon information and belief, Defendant has been directly infringing at least claim 11 of the '207 patent in Delaware, and elsewhere in the United States, by performing actions comprising at least using or performing the claimed method for improving voice quality in cordless communications by using Amazon Fire HD 8, Amazon Fire Kids Edition 7, Amazon Fire HD 10, Amazon Fire HD 10 Kids Edition, Amazon Fire 7, … ("Accused Instrumentality").

(**Exhibit A** at 7.)

17. It also alleges that Best Buy infringes the '705 Patent by using, *inter alia*, the Amazon Accused Products:

> Upon information and belief, Defendant has been directly infringing at least claim 1 of the '705 patent in Delaware, and elsewhere in the United States, by performing actions comprising at least using or performing the claimed method by using Amazon Fire HD 8, Amazon Fire Kids Edition 7, Amazon Fire HD 10, Amazon Fire HD 10 Kids Edition, Amazon Fire 7, … ("Accused Instrumentality").

(*Id.* at 18.)

18. The Amazon Accused Products do not infringe any claim of the '207 Patent or the '705 Patent, either directly or indirectly.

19. Amazon has a direct and substantial interest in defeating any patent infringement claims relating to the Amazon Accused Products at issue in Sonohm's complaint against Best Buy. Sonohm's infringement allegations directly implicate Amazon and its technology and give rise to implied infringement claims against Amazon.

20. Best Buy has requested indemnification in connection with the suit by Sonohm, and Amazon has agreed to indemnify Best Buy. Accordingly, Amazon has standing to assert claims for declaratory judgment against Sonohm. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014); *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011).

21. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged infringement of the patents in suit by Amazon customer using Amazon technology.

FENWICK & WEST LLP
ATTORNEYS AT LAW

22. On September 30, 2019, Sonohm filed a lawsuit against a third-party Arbor Solution, Inc. in the Northern District of California, alleging infringement of the same '207 and '705 Patents. (**Exhibit B**.) Pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. §§ 2201 and 2202, Sonohm is subject to suit in the Northern District of California.

23. Amazon has therefore brought this action here to obtain just and speedy resolution of this dispute, to relieve Amazon's customer of the unnecessary burden of litigating a meritless case that targets the Amazon Accused Products, and to once and for all remove the cloud of uncertainty that has been cast over the Amazon Accused Products. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987) ("the purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights"); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (where patentee's "forceful threats [against customers] created a cloud over [supplier's] business, shareholders, and customers, and [supplier's] potential liability increased as it continued to sell the allegedly infringing products," supplier "entitled under the Declaratory Judgment Act to seek a timely resolution of . . . threats of litigation and remove itself from 'the shadow of threatened infringement litigation'") (citation omitted).

**FIRST CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 6,651,207)**

24. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

25. Sonohm has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '207 patent.

26. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '207 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '207 patent either literally or under the doctrine of equivalents.

27. The '207 patent is directed to a system and method for improving voice quality of

cordless communications. Claim 11, for example, recites: "A method for improving voice quality in cordless communications, comprising: selecting a unique carrier frequency over an individual communication link, the communication link operable to carry data between at least one mobile unit and a base station; monitoring the quality of the selected frequency during a first time period; selecting another frequency after the first time period to transmit and receive data over the communication link; after selecting the another frequency, selecting, during a second time period, the frequency that was monitored during the first time period; and performing, during the second time period, error correction on the selected frequency in response to the monitored quality monitored during the first time period."

28. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '207 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, on information and belief, Bluetooth 4.0 (or later version) does not perform error correction on the selected frequency in response to the monitored quality monitored during the first time period. The Amazon Accused Products, therefore, do not meet at least the claim requirement of "performing, during the second time period, error correction on the selected frequency in response to the monitored quality monitored during the first time period" of claim 11 and similar claim limitations in the other claims of the '207 patent.

29. An actual and justiciable controversy exists between Amazon and Sonohm as to Amazon's non-infringement of the '207 patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '207 patent.

**SECOND CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT
(U.S. PATENT NO. 7,106,705)**

31. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

32. Sonohm has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '705 patent.

33. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '705 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including the Amazon Accused Products, infringe the '705 patent either literally or under the doctrine of equivalents.

34. The '705 patent is directed to a communication system. Claim 1, for example, recites: "A method comprising: specifying one or more first transport formats for first services and a second transport format for a second service, the first services having higher data rate dynamics than the second service; transmitting a combination of data for the first services and data for the second service over a first channel based on the first and second transport formats; signaling, in-band in the first channel, the one or more first transport formats for the first services; and signaling, in a second channel, the second transport format for the second service, the first channel and the second channel comprising separate channels."

35. Neither Amazon nor its technology, including the Amazon Accused Products, infringes the '705 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, on information and belief, Bluetooth 4.0 (or later version) does not signal, in a second channel, the second transport format for the second service, the first channel and the second channel comprising separate channels. The Amazon Accused Products, therefore, do not meet at least the claim requirements of "signaling, in a second channel, the second transport format for the second service, the first channel and the second channel comprising separate channels" of claim 1 and similar claim limitations in the other claims of the '705 patent.

36. An actual and justiciable controversy exists between Amazon and Sonohm as to Amazon's non-infringement of the '705 patent.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '705 patent.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for a declaratory judgment against Sonohm as follows:

A.   A declaration that Amazon does not infringe any claim of the '207 Patent;

COMPLAINT FOR
DECLARATORY JUDGMENT                    8

1  B. A declaration that Amazon does not infringe any claim of the '705 Patent;

2  C. An injunction against Sonohm, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any Amazon method, product, or technology, or others' use thereof, infringes any claim of any of the '207 and '705 Patents;

6  D. An award of costs and attorneys' fees to Amazon; and

7  E. Such other and further relief as the Court deems just and reasonable.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff Amazon.com hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

November 13, 2019                  FENWICK & WEST LLP

By: /s/ *J. David Hadden*
J. David Hadden
Saina S. Shamilov
Ravi R. Ranganath
Todd R. Gregorian

*Counsel for Amazon.com, Inc.*

COMPLAINT FOR
DECLARATORY JUDGMENT                     9